WIGGINTON, Judge
(dissenting).
In my considered judgment the complaint filed in this case, which is quoted in the majority opinion, does not allege a cause of action for gross negligence under the guest statute, and the trial court did not err in dismissing it.
The complaint alleges that the vehicle-with which defendant’s automobile collided had, a few seconds before the collision, backed out of the driveway from across the street and come to a complete stop in the-middle of the street, remaining in that position until struck by defendant’s automobile. The action of the driver of that vehicle was. unusual, to say the least, and not one that may reasonably be expected to occur in a. business district of a city such as Jacksonville. The complaint further alleges that as-, defendant set his automobile in motion to-pass out of his driveway into the street, he was not aware of the presence of the other vehicle then parked in the center of the street until plaintiff called it to his attention,, and although defendant then attempted to apply his brakes, he was not able to stop, his automobile before the collision occurred.
From these allegations of the complaint,, construed in a light most favorable to plaintiff, it affirmatively appears that due either-to a momentary lapse of attention, or the unnatural and unanticipated action of the driver of the other vehicle, defendant did' not see such vehicle until it was too late to-stop his automobile before the collision ensued. While such action on the part of' defendant may constitute simple negligence, it falls far short of the standard required in order to allege gross negligence. It-cannot be reasonably contended that the complaint alleges facts from which a jury would be justified in finding that defendant knew, as a reasonable and prudent man, that the manner in which he was operating-his vehicle would probably and most likely result in injury to himself, his guest passenger or others. This is the standard required in order to allege gross negligence-under the statute.[1]
I would affirm the judgment appealed.

. Carraway v. Revell, (Ma.1959), 116 So.2d 16,